# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POWX INC.,<br>Plaintiff,<br>v.<br>PERFORMANCE SOLUTIONS, LLC,<br>Defendant. | Case No. 1:24-CV-01389-MMG<br><br>Hon. Margaret M. Garnett<br>Hon. Katharine H. Parker, U.S.M.J. |

**DECLARATION OF KIPP K. DYE IN SUPPORT OF DEFENDANT PERFORMANCE SOLUTIONS LLC'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

I, Kipp K. Dye, declare as follows:

1. I make this declaration based upon personal knowledge, education, and experience. I am over the age of 21 and otherwise competent to make this declaration.

**BACKGROUND AND QUALIFICATIONS**

2. I am the sole inventor listed on U.S. Patent Nos. 9,345,921 ("the '921 patent"); 9,539,167 ("the '167 patent"); 9,656,112 ("the '112 patent"); 10,278,890 ("the '890 patent"); and 10,695,260 ("the '260 patent") and the founder of and manager at Performance Solutions, LLC ("Performance Solutions"), the owner and assignee of the aforementioned patents.

3. I received a Bachelor of Arts in Health and Physical Education from University of California, Berkeley in 1986 and a Master of Science in Physical Therapy from Simmons College in 1996. Prior to becoming a physical therapist, I trained as a massage therapist.

4. Since April 2003, I have been a licensed and practicing physical therapist and the President of OrthoSportsMED™ Physical Therapy, an out-patient physical therapy organization that specializes in orthopedics and sports physical therapy.

5. I have approximately 35 years of clinical treatment experience working with patients with musculoskeletal, orthopedic, and neurological conditions/diagnoses with various levels of strength, exercise and functional tolerance, and balance capabilities. The patients treated by me over the last several decades have had various conditions and symptoms arising from over-use stemming from activities of daily living, repetitive microtrauma *(e.g.,* walking, running), sports and athletics injuries, and trauma from impact type injuries (motor vehicle accidents, falls, etc.).

6. My academic and work experience is set forth in my Curriculum Vitae, which is included in my declaration.

**PERFORMANCE SOLUTIONS' BUSINESS**

7. Based on my decades of experience as a licensed physical therapist and trained massage therapist, I recognized my clients' need for a portable device that can extend into soft tissue and increase flexibility and mobility of a user. As a result, I came up with the idea of a cylindrically shaped foam roller with projections that could reach into a user's soft tissue.

8. I have curated a large portfolio of patents that are directed to using projections on a portable foam roller to enable people to reach into soft tissue (fascia, muscle, ligament and tendon) to improve recovery and increase flexibility and mobility. This technology is used widely today in fitness and rehabilitation centers and for in-home use. I have assigned my foam roller patents to Performance Solutions.

9. Performance Solutions' licensees include Halcyon Brand Services Inc. ("Halcyon") and 321 Holdings that market, distribute and sell foam rollers under the 321 Strong brand (herein "321 Strong Rollers"), and Implus Footcare LLC ("Implus") that markets, distributes and sells foam rollers under the TriggerPoint brand ("TriggerPoint Rollers").

10. 321 Strong Rollers, TriggerPoint Rollers, and PowX's foam rollers are sold on

Amazon.com.

11. PowX sells its foam rollers on Amazon that are priced at a substantial discount between $20.95 to $23.95.[1] In contrast, Performance Solutions' licensees Halcyon and Implus sell their products on Amazon at prices ranging from $29.85 to $64.99. Such price differences between licensed and unlicensed products is a problem for Performance Solutions where existing licensees tend to grow frustrated with the reduced value of the technology they have agreed to license given the existence of unlicensed products.

12. Halcyon, 321 Holdings and Implus must now incur additional marketing expense in order to promote their products so that they can compete with PowX's sales of the Accused Product that does not include a licensing fee. For example, the licensed 321 Strong Rollers are currently running "Sponsored" Ads at a cost to 321 Strong and Halcyon. In contrast, PowX has not been running sponsored ads on Amazon and it appears to have no reason to run ads because the strength of its unauthorized sales has allowed it to automatically land on the first page of the Amazon's foam roller listings where 80% of clicks occur on first page.

13. Performance Solutions spends considerable effort to enforce and defend its patents against infringers in the marketplace, including on Amazon. This allows Performance Solutions to maintain strong business relationships with its licensees and assist its licensees in maintaining their prominent positions in the foam roller market.

14. Amazon has implemented a program for reporting and removing infringing products. Today, this program is called the Amazon Patent Evaluation Express or "APEX," which is an online dashboard process that Amazon developed around 2022 for reporting infringing

---

[1] Additionally, PowX is allowing other sellers on its landing page to sell the medium density roller at $16.99 per unit, which would be attracting more purchasers towards the PowX page and most likely resulting in higher sales volume.

listings (known as ASINs) that are on Amazon's website. Under the APEX program, a patent owner can only assert one patent in a complaint against a seller. From the time a patent owner submits a report, Amazon has the discretion to provide the reported seller twenty one days to either participate in Amazon's patent neutral evaluation process with a third party neutral or resolve its claims with the patent owner. Prior to 2022, Amazon required patent owners to communicate directly with Amazon's IP legal team to remove infringing products.

15. Since November 2018, Performance Solutions has worked diligently with Amazon to remove thousands of listings of infringing products to the benefit of Performance Solutions and its licensees.

16. In November 2020, Ron Johnson Engineering Inc. filed four *ex parte* reexamination petitions against the '167, '112, '890 and '260 Patents. In December 2021, Amazon notified Performance Solutions that it would be reinstating infringing rollers that were previously removed from its platform due to the finality of an examiner's office action in the reexaminations of the '167, '112, '890 and '260 patents. Consequently, many companies were able to sell unauthorized products while Performance Solutions' patents were under reexamination. In December 2021, Performance Solutions was in negotiations with an Amazon seller to license Performance Solutions' patents, but this seller walked away from the licensing negotiations because Amazon reinstated its product on Amazon due to the reexaminations. PowX was also a beneficiary of Amazon's reinstatement of infringing products on its site: according to PowX's Amazon listings, PowX first began selling foam rollers on Amazon in December 2022, about a year after Amazon reinstated infringing rollers on its platform (Complaint in P 25 states the Accused product has been for sale since 2017).

17. On August 23, 2022, after Performance Solutions filed its appeal briefs to the

United States Patent and Trademark Office Patent Trial and Appeal Board ("PTAB"), the examiner at the USPTO reopened and restarted the reexaminations of '167, '112, '890 and '260 Patents, thereby retracting the finality of the examiner's office action. Three days later, August 26, 2022, Performance Solutions notified Amazon that the finality of the office actions had been retracted and asked Amazon whether it can proceed with removing infringing rollers from the Amazon platform. At that time, Amazon directed Performance Solutions to its new APEX program for submitting infringement complaints. However, because the reexaminations were not closed, Performance Solutions was unable to remove most of the infringing products sold on Amazon.

18. The reexaminations of the '167, '112, '890, and '260 Patents proceeded to an appeal to the USPTO's PTAB. On December 6, 2023, the PTAB reversed the Examiner's findings with regard to all 107 claims in the four patents under reexamination. As a result of the PTAB's decisions, the Examiner issued in January 2024 a Notice to Issue a Reexamination Certificate with respect to all four patents, thereby concluding the four reexaminations. As of the date of this declaration, the USPTO has issued Reexamination Certificates for the '167, '890 and '260 Patents, and the USPTO has issued a Notice of Intent to Issue a Reexamination Certificate for the '112 Patent.

19. Following the PTAB's decisions, and after Performance Solutions had extensive discussions with Amazon legal regarding the validity of its patents, Performance Solutions was then able to resume its enforcement actions on Amazon to remove numerous infringing products.

**POWX'S PRODUCTS SOLD ON AMAZON**

20. PowX sells an unlicensed product on Amazon called the "Textured Foam Rollers for Muscle Massage" (the "Accused Product"). According to PowX's Amazon listings, PowX

first began selling foam rollers on Amazon in December 2022, about a year after Amazon reinstated infringing rollers on its platform.

21. Performance Solutions reported the Accused Product through Amazon's APEX program in March 2023, but Amazon declined to remove the Accused Product at that time due to the pending reexaminations of Performance Solutions' patents.

22. On December 27, 2023, several weeks after the PTAB reversed the Examiner's findings in the '167, '112, '890 and '260 Patent reexaminations, I received an email from Amazon that included a letter that PowX sent to Amazon on March 22, 2023. Attached as Exhibit A is a true and correct copy of the March 22, 2023 letter from PowX to Amazon that I received from Amazon. Prior to December 27, 2023, I was not aware that PowX had sent this letter to Amazon.

23. On January 29, 2024, after all four reexaminations concluded, Performance Solutions filed a new APEX application to remove the Accused Product. Among the five Asserted Patents infringed by PowX, Performance Solutions listed the '112 Patent in the APEX application because Performance Solutions could only list one patent in any given application.

24. On February 21, 2024, I received an email from PowX's owner, Israel Laufer ("Laufer"), stating that he was "keen to … explore a possible royalty or licensing agreement." Attached as Exhibit B is a true and correct copy of an email from Laufer to me dated February 21, 2024.

25. On February 22, 2024, I responded to Laufer's email requesting certain sales information relating to the Accused Product. In my email, I also identified several patents owned by Performance Solutions, including U.S. Patent Nos. 9,345,921; 9,539,167; 9,656,112; 10,278,890; and 10,695,260, which Performance Solutions has accused PowX of infringing in this lawsuit. Attached as Exhibit C is a true and correct copy of my response to Laufer on February

22, 2024.

26. On February 24, 2024, having not heard back from Laufer, I followed up with Laufer and also sent him the PTAB's decision in the '112 patent reexaminations proceeding to impart to him the strength of the validity of the Performance Solutions' patents and to mitigate any unnecessary legal matters between Performance and PowX. Attached as Exhibit D is a true and correct copy of my email to Laufer dated February 24, 2024. At the time I sent Laufer this email, I was unaware that PowX had already filed a Complaint against Performance Solutions the preceding day.

27. On February 26, 2024, after the twenty one day period had elapsed under the APEX program for PowX to either submit to Amazon's patent neutral evaluation or resolve its claims with Performance Solutions, Amazon informed me that PowX had filed a declaratory judgment action against Performance Solutions and that as a result of this filing, Amazon "will be pausing Evaluation … and deferring to the court's decision in this matter." Attached as Exhibit E is a true and correct copy of the letter I received from Amazon dated February 26, 2024.

28. On February 28, 2024, Amazon informed me "[d]ue to the lawsuit filed by PowX, and as stated in the Amazon Patent Evaluation Express Procedure, 'if there is litigation pending on a patent subject to a proposed or pending Evaluation, Amazon may decide not to initiate or suspend an Evaluation until the completion of that litigation.' Where a seller chooses to avail itself of the due process protections of court to litigate a claim of patent infringement, we will usually defer to that choice, and we have done so here. If you receive a judgment in your favor regarding this case, please submit a copy of the determination … and the team will review and take the appropriate action." Attached as Exhibit F is a true and correct copy of an email I received from Amazon dated February 28, 2024.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 8, 2024.

Respectfully submitted,

Kipp K. Dye

# Exhibit A

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Tuvia Rotberg**
**Partner**
**212-216-1172**
**trotberg@tarterkrinsky.com**

March 22, 2023

Amazon.com Legal Department
P.O. Box 81226
Seattle, WA 98108

**Re: Dispute of Rights Owner Complaint**
**Amazon Seller: PowX**

Dear Amazon Legal,

We represent Amazon seller PowX (ID: A32PN1U0ZQTQU0) ("Seller") in its intellectual property matters. We write regarding a false report of patent infringement filed in connection with a foam roller ("PowX Product") sold by our client. As discussed below, the complaint is baseless—the PowX Product does not violate the patent owner's rights.

Specifically, Performance Solutions LLC ("Thera-Roll") filed the below rights owner complaint alleging infringement of U.S. Patent No. 9,656,112 ("the '112 Patent"):

**ASIN:** B0BSXX5KMC
B0BSYDKF4F
B0BSY8X784
**Infringement type:** Patent
**Patent:** 9,656,112
**Complaint ID:** 12267210641

## I. The Thera-Roll Patent – US 9,656,112

The '112 Patent has a single independent Claim that is directed to a foam roller formed of two pieces: a "cylindrically shaped core" and "an overlay completely surrounding the core."

## II. The PowX Product Does Not Infringe the '112 Patent

In order for there to be infringement, the patent owner must show that every element of the patented invention, or its substantial equivalent, is present in the accused product or process. Whether literally, or under the doctrine of equivalents, every element of a claim of the '112 Patent needs to be met by the PowX Product. *See Seal-Flex, Inc. v. Athletic Track & Court Constr.*, 172 F.3d 836, 842 (Fed. Cir. 1999).

### A. The PowX Product Does Not Include a Core

As stated, the ‘112 Patent requires “a first piece including ***an entirely cylindrically shaped core***…” and “a second piece including an overlay completely surrounding the core.”

In this regard, the ‘112 Patent explains that “cylindrically shaped core 12 and overlay 13 about core 12…” and the “predetermined density and the predetermined diameter of body 12 and overlay 13…are chosen.” Thus, the ‘112 Patent requires a cylindrical core upon which an overlay is secured.

As shown below, the PowX product does NOT feature a core, and as such, it ***cannot*** infringe the ‘112 Patent.

| **‘112 Patent** | **PowX Product** |
|---|---|
|  |  |

As illustrated, the PowX Product is has a hollow inner cavity and its does NOT have a “cylindrically shaped core” as required by Claim 1. Thus, at least for at least this reason the PowX Product does not meet every element of the independent claim, and as such, it does not infringe the ’112 Patent.

## III. Requested Relief

Since the PowX Product does not infringe any claim of the ’112 Patent, Seller respectfully requests the reinstatement of the above-mentioned ASIN and that Amazon remove the above violations from Seller’s account.

*Nothing in this letter should be taken as a waiver of any of our client's rights or defenses, all of which are expressly reserved.*

Very truly yours,

TARTER KRINSKY & DROGIN LLP

*/s Tuvia Rotberg*

Tuvia Rotberg

# Exhibit B

From: **PowX Fitness** <israel@powxfitness.com>
Date: Wed, Feb 21, 2024 at 11:57 AM
Subject: PowX Amazon
To: <usarollerip@gmail.com>

Hello, my name is Israel Laufer, and I am the owner of the PowX brand on Amazon.

I received your infringement report from Amazon concerning Patent No. 9,656,112, as well as your earlier report in March 2023.

I am keen to discuss this matter further with you to explore a possible royalty or licensing agreement.

My goal is to resolve this issue in a way that benefits both of us.

Please get back to me at your earliest convenience, by Email or Phone, at a time that works best for you.

Israel Laufer
CEO of PowX Inc.
israel@powxfitness.com

+1 (845) 774-5051.

# Exhibit C

From: **patent-evaluation@amazon.com** <patent-evaluation@amazon.com>
Date: Mon, Feb 26, 2024 at 12:34 PM
Subject: Fwd: Complaint ID: 14693995261
To: <usarollerip@gmail.com>

Hello,

Thank you for writing. We have been notified by the seller identified in Evaluation 14708740891 that they have filed a declaratory judgement regarding patent 9,656,112.

As a result of this filing, we will be pausing Evaluation 14708740891 and deferring to the court's decision in this matter.

Best regards,

Neutral Patent Evaluation Team
Amazon.com

--

# Exhibit D

**From:** Performance Solutions Compliance <usarollerip@gmail.com>
**Sent:** Saturday, February 24, 2024 4:42 PM
**To:** PowX Fitness
**Subject:** Ex Parte Reexaminations decision regarding Performance Solutions roller patents
**Attachments:** 112 PTAB decision 12.6.23.pdf

Israel,

I hope this email finds you well.

I am attaching one of our four recent decisions that 3 patent judges (PTAB) stated in their conclusion regarding the validity of our ‘112;’167;’890; and ‘260 patents. Since I hadn’t heard back from you I thought this may help you evaluate the substance of our notifications to Amazon.

Sincerely,

Kipp K. Dye, Manager
Performance Solutions LLC

>
> Sincerely,
>
>
>
> Kipp Dye, MSPT, Manager
> Performance Solutions, LLC
> 5 Commonwealth Rd, Suite 2B
> Natick, MA 01760
> Cell: 617-308-7758

# Exhibit E

**Subject:** FW: Complaint ID: 14693995261

---------- Forwarded message ---------
From: **patent-evaluation@amazon.com** <patent-evaluation@amazon.com>
Date: Mon, Feb 26, 2024 at 12:34 PM
Subject: Fwd: Complaint ID: 14693995261
To: <usarollerip@gmail.com>

Hello,

Thank you for writing. We have been notified by the seller identified in Evaluation 14708740891 that they have filed a declaratory judgement regarding patent 9,656,112.

As a result of this filing, we will be pausing Evaluation 14708740891 and deferring to the court's decision in this matter.

Best regards,

Neutral Patent Evaluation Team
Amazon.com

--

# Exhibit F

---

On Wed, Feb 28, 2024, at 2:55 PM, [redacted] (Legal), [redacted] wrote:

> Dear Kipp,
>
> Due to the lawsuit filed by PowX, and as stated in the Amazon Patent
> Evaluation Express Procedure, "if there is litigation pending on a
> patent subject to a proposed or pending Evaluation, Amazon may decide
> not to initiate or suspend an Evaluation until the completion of that
> litigation." Where a seller chooses to avail itself of the due
> process protections of court to litigate a claim of patent
> infringement, we will usually defer to that choice, and we have done so here.
>
> If you receive a judgment in your favor regarding this case, please
> submit a copy of the determination to ip-info-request@amazon.com and
> the team will review and take the appropriate action.
>
> In the first instance, please direct future APEX-related inquiries to
> patent-evaluation@amazon.com.
>
> Best, [redacted]
>
> -----Original Message-----
> From: Kipp Dye, MSPT, Manager <kipp@theraroll.com>
> Sent: Tuesday, February 27, 2024 7:02 PM
> To: [redacted]@amazon.com>
> Subject: [EXTERNAL] Complaint ID: 14693995261 - PowX matter
>
> CAUTION: This email originated from outside of the organization. Do
> not click links or open attachments unless you can confirm the sender
> and know the content is safe.
>
>
>
> [redacted],
>
> Good evening! I hope this email finds you well.
>

> I found out from your team yesterday that PowX filed a lawsuit in New
> York against our company Performance Solutions and that Amazon will
> not be removing PowX rollers in light of this lawsuit. We do not
> agree that the lawsuit should prevent Amazon from removing PowX's
> infringing rollers. The fact is that like the other rollers that
> Amazon has removed, PowX's rollers meet all the elements of the claim
> elements of the '112 Patent. I am attaching a claim chart to clearly
> show infringement by the PowX roller which I have sent Amazon numerous times.
>

As you know, we spent three years defending our patents in four

> reexaminations. It's been a long and expensive process for us to
> protect our company's IP, but we knew it was worth the effort and
> expense. .
> We did not learn that PowX had sent you a letter challenging our
> take-down notice until 9 months after they sent you a letter.
> Amazon's decision to continue to sell PowX's products appears to have
> empowered PowX to file this lawsuit against Performance Solutions for
> PowX specifically points to Amazon's decision to reinstate its rollers
> as a basis for its lawsuit. See paragraph 2, District Court Complaint
> (attached). We would have liked to have had an opportunity to avert
> this issue had we known of PowX's letter in March 2023 (attached).
>
> We estimate that PowX has sold approximately 25,000-30,000 infringing
> units over the course of the last approximately 14 months. But now
> we'll have to engage in expensive litigation regarding its sales to
> determine exactly what has occurred since the end of 2022.
>
> PowX's sells its products at a price point far below our licensees
> causing considerable damage to Performance Solutions and its licensees.
> For example, our licensee 321 Strong sells a competing sized roller
> for $32.19/unit and our licensee TriggerPoint, who is in your seller
> program of which I believe Amazon is setting the retail price
> currently at $27.49/unit. PowX has been selling his rollers for in the
> recent number of months anywhere from about $15.00/unit to $23.95/unit
> at the highest currently. PowX is currently running two listings for
> the same exact roller product: one for the $23.95/unit and the other
> listing is for $20.95. PowX is engaging in a practice causing severe
> economic harm to my company and our licensees. I am also attaching the
> listing of PowX roller for reference with his two different pricing
> levels for the same exact roller. PowX has an Amazon #1 New Release
> flag on his lower cost roller and he's been on since December 2022.
>
> Lastly, Mr. Laufer of PowX sent me an email on February 21st, 2024
> wanting to discuss a licensing arrangement and then I sent an email
> the next day requesting certain business stats so we could then
> evaluate a potential licensing offer if warranted. I even sent him a
> follow up email when I didn't hear back from him regarding the PTAB's
> decision regarding the validity of our patents to help him realize the
> resounding strength of our IP regarding foam rollers. Then to learn
> he is suing me is inappropriate.
>
> I urge you to remove PowX's infringing rollers. My perspective is
> that this CEO of PowX has manipulated the system at Amazon by filing
> this Complaint with the expectation that Amazon will continue to
> sell these infringing rollers until the litigation is resolved, which
> could take years.

>
> Sincerely,
>
>
>
> Kipp Dye, MSPT, Manager
> Performance Solutions, LLC
> 5 Commonwealth Rd, Suite 2B
> Natick, MA 01760
> Cell: 617-308-7758