USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/4/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

POWX INC.,

        Plaintiff,

v.

PERFORMANCE SOLUTIONS, LLC,

        Defendant.

PERFORMANCE SOLUTIONS, LLC,

        Counterclaimant,

v.

POWX INC.,

        Counterclaim-Defendant.

1:24-CV-01389 (MMG)

[PROPOSED]
PROTECTIVE ORDER

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order ("Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    a. previously nondisclosed material relating to ownership or control of any non-public company;

    b. any information of a personal or intimate nature regarding any individual;

1

      c.    previously nondisclosed material which the producing party otherwise believes in good faith to be entitled to confidential status protection under Rule 26(c)(1)(G); or

      d.    any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material may designate as Highly Confidential only such portion of such material as consists of:

      a.    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

      b.    previously nondisclosed business plans, product development information, or marketing plans;

      c.    trade secrets and previously nondisclosed competitively sensitive technical, marketing, financial, sales or other confidential business information, such as confidential or proprietary research, development, manufacturing, commercial or business information, special formulas, company security matters, customer lists, supplier lists, production data, matters relating to mergers and acquisitions, pricing data;

      d.    previously undisclosed material which the producing party believes in good faith would create a substantial risk of serious harm that could not be avoided by less restrictive means; or

      e.    any other category of information hereinafter given highly confidential status by the Court.

4. "Confidential" or "Highly Confidential" information shall not include any document or information which: (i) at the time of the disclosure hereunder is available to the public; or (ii) after disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party; or (iii) the receiving party can show (a) was already known to the receiving party through sources other than the producing party; (b) was independently developed by the receiving party; or (c) was received by the receiving party, after the time of disclosure hereunder, from a non-party having the right to make such a disclosure.

5. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential or highly confidential information redacted. With respect to deposition transcripts and exhibits, at the time of deposition or within

30 days after receipt of the deposition transcript, a party may designate as Confidential or Highly Confidential specific portions of the transcript that contain Confidential or Highly Confidential information. This designation shall be in writing and served upon all counsel of record. Transcripts will be treated as Highly Confidential for this 30-day period. Any portions of a transcript designated Confidential or Highly Confidential shall thereafter be treated as so designated in accordance with this Order.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential or Highly Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.

7. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person, except to:

    a. the parties to this action;

    b. outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e. any person retained by a party to serve as an expert witness[1] or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

---

[1] An expert witness includes the expert witness's direct reports and other support personnel, such that the disclosure to an expert witness who employs his or her firm to help in his or her analysis shall count as a disclosure to a single expert witness. The provisions of Fed. R. Civ. Proc. 26(b)(4) apply to an expert witness's direct reports and other support personnel.

    f.    stenographers engaged to transcribe depositions conducted in this action and independent vendors[2] engaged to perform work in this action to whom disclosure is reasonably necessary to this litigation;

    g.    the Court and its support personnel; and

    h.    any other persons who are mutually agreed upon in writing by the parties to this action, or who are approved by the Court upon motion by either party to this action.

8. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential to any other person, except to the persons identified in paragraphs 7(b), (c), and (e)–(h) above. Before any Highly Confidential information is shown to any expert listed in paragraph 7(e) above, the signed Non-Disclosure Agreement along with a resume/CV of the proposed expert will be sent to opposing counsel and opposing counsel will have five business days to object for good cause. If opposing counsel objects to the expert receiving Highly Confidential information, the parties will meet and confer and if they cannot resolve the issue, the party seeking to reveal the information to the proposed expert shall be free to seek the Court's assistance by motion.

9. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

10. The inadvertent, unintentional, or *in camera* disclosure of a Confidential or Highly Confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the Discovery Material that the party produced should be designated as "Confidential" or "Highly Confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed publicly, such portion(s) shall thereafter be treated as so designated under this Order.

11. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating

---

[2] An independent vendor is a person or entity that provides litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with this Court's Individual Rules & Practices in Civil Cases.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential or Highly Confidential document or information contained in any Confidential or Highly Confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

13. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Any such material may only be used in connection with this litigation.

14. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

15. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

18. The disclosing party retains the burden of establishing the privileged or protected nature of any information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding this provision, counsel are entitled to retain an archival

copy of all pleadings, motion papers (including exhibits), transcripts, deposition exhibits, hearing exhibits, trial exhibits, legal memoranda, correspondence, or attorney work product, even if such materials contain designated material.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

/s/ Ashe Puri  
Dated: September 3, 2024

/s/ Sandra Hudak  
Dated: September 3, 2024

**SO ORDERED.**

Date: 09/04/2024  
New York, New York

MARGARET M. GARNETT  
United States District Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POWX INC., <br><br>       Plaintiff, <br><br>  v. <br><br> PERFORMANCE SOLUTIONS, LLC, <br><br>       Defendant. | 1:24-CV-01389 (MMG) <br><br> <u>NON-DISCLOSURE AGREEMENT</u> |
| PERFORMANCE SOLUTIONS, LLC, <br><br>       Counterclaimant, <br><br>  v. <br><br> POWX INC., <br><br>       Counterclaim-Defendant. | |

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential and Highly Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____       _____