UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

POWX INC.,

                      Plaintiff,

-against-

PERFORMANCE SOLUTIONS, LLC,

                      Defendant.

24-CV-01389 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      On November 18, 2024, the parties attended a settlement conference with Magistrate Judge Katherine H. Parker at which Plaintiff and Counterclaim Defendant PowX ("PowX") revealed that the entirety of its inventory of stock—the Accused Product in this case—had been destroyed. Magistrate Judge Parker issued an order on November 21, 2024, permitting the parties to disclose this apparent destruction to the Court despite the normal confidentiality rules governing settlement conferences. *See* Dkt. No. 60.

      On November 25, 2024, the parties submitted a sealed joint letter providing the Court with details regarding the disclosure by PowX of the destruction of inventory and spoliation of evidence. *See* Dkt. No. 62. The letter also included a request by Performance Solutions for further discovery relating to this destruction. The Court has reviewed the entire letter and the request for discovery and finds it eminently appropriate given the seriousness of the destruction. The following is thus HEREBY ORDERED. By no later than January 31, 2025, or a later date mutually agreed upon by the parties:

    1. PowX shall produce to Performance Solutions all of its tax returns and bank records from 2022-present.

    2. PowX shall produce to Performance Solutions all communications with its warehouse regarding the alleged destruction of the Accused Product's inventory, including the names of all persons and companies involved in storage and the alleged destruction of the Accused Product and the dates of all communications surrounding the alleged destruction.

    3. PowX shall produce to Performance Solutions all documents showing how the inventory at Amazon decreased from 5,157 units (as of June 18) to 1,500 units (as of November 18), including any communications with Amazon or other third party regarding any destruction or transfer of products.

    4. PowX shall produce to Performance Solutions all communications regarding its alleged return of two containers of the Accused Product to China, including the names of all persons and companies, including shipping, freight forwarders, manufacturers, involved in the alleged return of the Accused Product

and the dates of all communications.

     5.   PowX shall produce to Performance Solutions all documents and communications sufficient to determine Mr. Laufer's personal finances, including all bank records and tax returns, from 2022-present.

     6.   Upon full and complete disclosure of the above information, Mr. Laufer is ORDERED to appear for a deposition. If the parties cannot agree on a mutually acceptable date, time, and location for Mr. Laufer's deposition as to the above topics, they shall promptly inform the Court pursuant to its rules and procedures regarding discovery disputes. *See* Individual Rule II(A)(6).

Finally, the motion to seal the joint letter at Dkt. No. 62 is GRANTED IN PART AND DENIED IN PART. *See* Dkt. No. 61. While the motion for sealing was made on consent and the underlying letter sought to be sealed includes the parties' sensitive financial information and aspects of the parties' settlement conference before Magistrate Judge Parker that would typically be subject to strict confidentiality, the Court finds that the sealing of the entire letter would not be sufficiently narrowly tailored to balance these interests with the common law right of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). The parties are therefore ORDERED to file a revised version of the letter with proposed redactions to remove <u>only</u> highly sensitive business information or confidential information revealed in the settlement conference that does <u>not</u> relate to the destruction of inventory; any discussion of the destruction of inventory shall <u>not be sealed</u>, given Magistrate Judge Parker's order at Dkt. No. 60 which unambiguously excludes this topic from the typical confidentiality rules. The letter filed at Dkt. No. 62, which was filed without redactions and includes sensitive business information, shall remain under seal.

     The Clerk of Court is respectfully directed to terminate Dkt. No. 61.

Dated: December 2, 2024
       New York, New York

                                                SO ORDERED.

                                                MARGARET M. GARNETT
                                                United States District Judge