USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/24/2025

NIXON PEABODY

Nixon Peabody LLP
. Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

**Ashe Puri**
Partner

T / 213.629.6152
F / 833.495.4326
apuri@nixonpeabody.com

January 21, 2025

VIA ECF

The Honorable Margaret M. Garnett, U.S.D.J.
United States District Court, S.D.N.Y.
40 Foley Square, Room 2102
New York, NY 10007

Re:  *PowX Inc. v. Performance Solutions, LLC*, No. 1:24-cv-01389-MMG

Dear Judge Garnett:

We are writing on behalf of Defendant and Counter-Plaintiff Performance Solutions, LLC ("Performance Solutions") to seek the Court's assistance because Plaintiff and Counter-Defendant PowX, Inc. ("PowX") has not complied with the Court's instructions at the hearing on December 19 to provide Performance Solutions with its objections to the discovery ordered on December 2 and to *promptly* produce the documents ordered by the Court and *quickly* notify the Court if PowX had any unresolved objections to specific items. 12/19 Hearing Tr., at 21:14-15, 19-23.

More than one month has passed since the Court instructed PowX to provide its objections to Performance Solutions within a "short period of time." *Id.* at 21:13-17. However, PowX has neither provided Performance Solutions with its objections nor produced any documents. PowX has also not provided the availability of its owner, Mr. Israel Laufer, for his deposition. Performance Solutions has made significant efforts to confer with Tarter Krinsky to move the discovery process forward in a timely manner, but PowX has largely ignored all of Performance Solutions' communications.

It is critical that the whereabouts of PowX's assets be determined. As the Court expressed at the December 19 hearing, "time is of the essence to determine how the destruction of inventory came about, whether PowX has hidden corporate assets away from Performance Solutions to prevent this litigation from reaching them, as well as a possible resolution [of] facts that could lead to a possible resolution of this case." *Id.* at 15:23-16:4.

Accordingly, Performance Solutions respectfully requests that the Court order that all objections of PowX are deemed waived and that PowX immediately begin producing documents so that PowX's production is completed well within the Court's timeframe of January 31. Additionally, Performance Solutions requests that the Court order Mr. Laufer to provide his availability for deposition by January 31. Performance Solutions proposes February 7, 10, or 14 for an in-person deposition of Mr. Laufer in Manhattan at the office of Nixon Peabody LLP.

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

January 21, 2025
Page 2

### A. Summary of the Dispute

On December 2, PowX was ordered to produce documents relating to the alleged destruction of its inventory of the accused product (Dkt No. 63, ¶¶ 2-4), along with all of the tax returns and bank records of PowX from 2022-present (*id.*, at ¶ 1) and Mr. Laufer's personal finances, including all bank records and tax returns, from 2022-present (*id.*, at ¶ 5).

On December 19, the Court denied a motion to withdraw filed by PowX's counsel, Tarter Krinsky & Drogin ("Tarter Krinsky"). 12/19 Hearing Tr., at 16:22-17:4. After denying its motion to withdraw, Tarter Krinsky informed the Court at the hearing that PowX had objections to the discovery ordered by the Court, asserting that it did not have an opportunity to respond to Performance Solutions' portion of the parties' November 25 joint letter (Dkt. 62). *Id.*, at 18:13-17. Performance Solutions responded that it would be happy to meet and confer with PowX to address its objections, but that it did not want PowX to use its objections to delay the discovery ordered by the Court given the urgency of determining the whereabouts and status of PowX's assets. *Id.*, at 20:24-21:5.

The Court stated at the hearing that PowX has a "short period of time" to provide its objections to Performance Solutions for "the purposes of resolving this discovery." *Id.* at 21:13-17. The Court confirmed that it did not want PowX to drag out its objections because *time is of the essence* to determine what exactly occurred with PowX's assets. *Id.*, at 19:9-12. The Court also instructed PowX to *promptly* produce its documents and *quickly* notify the Court if PowX had any unresolved objections to specific items. *Id.*, at 21:14-15, 19-23.

PowX failed to comply with the Court's instructions. Performance Solutions sent *three* emails to Tarter Krinsky on December 31, January 9 and January 13 requesting that PowX provide its objections, start producing documents, and provide available dates in February for Mr. Laufer's deposition. *See* Exhibit 1 (12/31, 1/9 and 1/13 Emails from A. Puri to S. Hudak). PowX did not respond to any of Performance Solutions' emails until *January 16* only to then send a brief, and non-informative, email response. PowX's lawyer Ms. Sandra Hudak stated that: "[a]s you know, the Court's December 2, 2024 Order set a deadline no earlier than January 31, 2025, and the discussion at the December 19, 2024 conference did not change that deadline. We will provide an update when we have one." *Id.* (1/16 Email from S. Hudak to A. Puri). PowX provided no specific plans or details going forward as to when it will provide its objections or when it will produce any documents. PowX also did not provide when Mr. Laufer is available for his deposition.

That same day on January 16, Performance Solutions responded to PowX stating that it would provide PowX one more day to provide its objections or else it would notify the Court of PowX's delay of the discovery. *Id.* (1/16 Email from A. Puri to S. Hudak). Ms. Hudak responded the following day with another short, and non-informative, email response stating that she will provide "any update when we have one." *Id.* (1/17 Email from S. Hudak to A. Puri). Performance Solutions feels like it is being stiff-armed.

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

January 21, 2025
Page 3

It appears that PowX is withholding its objections from Performance Solutions as a smokescreen to excuse PowX from producing any documents ordered by the Court. Most, if not all, of the documents are readily accessible to PowX and should have already been produced, particularly given the urgent circumstances of determining the whereabouts and status of PowX's assets. For example, PowX should have been able to produce at least the name and address of the company storing PowX's inventory so that Performance Solutions can start conducting third party discovery to determine whether PowX's assets still exist. The longer the time passes, the more unlikely that Performance Solutions may be able to recover those assets.

After learning that Mr. Laufer improperly communicated *ex parte* with the Court on January 17, along with Tarter Krinsky's largely non-responsive communications and withholding of objections, Performance Solutions is led to conclude that PowX is seeking to delay and avoid discovery at all costs.

Upon reviewing the submissions from both parties, including the full annexed email correspondence between counsel, it appears that counsel for PowX has no articulable objections to complying completely and entirely with the Court's December 2, 2024 Order at Dkt. No. 63, and **will be producing all categories of documents and information set forth in the Order by no later than January 31, 2025**. Indeed, PowX has sought no relief from this Court to adjourn the operative production deadline or to revise the categories of documents to be produced in any way, and has declined to identify any objections to the discovery sought to Performance Solutions' counsel, despite the Court's admonition at the December 19 conference to identify such objections promptly and expeditiously so that they could be resolved and discovery produced by the January 31 deadline, now just one week away. If PowX does secretly harbor any objections to the identified categories of documents in the December 2 Order, the Court GRANTS Performance Solutions' request to deem them waived. Thus, if Performance Solutions does not receive a production from PowX by January 31, 2025, or if the production they receive is incomplete with respect to the categories set forth in the December 2 Order, counsel for Performance Solutions should promptly so inform the Court by letter motion. At such time, PowX will be in violation of multiple Court orders and Performance Solutions would be well within its rights to seek sanctions.

Finally, counsel for PowX's attempt to cast Performance Solutions' counsel as unreasonable for allegedly failing to confer "in a good faith effort" and "forcing" it to write a response is, frankly, a shocking and bewildering misrepresentation of the record before the Court. *See* Dkt. No. 74. The Court had hoped that, after the prior conference, counsel for PowX would understand that the issues with their representation and compensation "do[] not absolve counsel from complying with court orders," Tr. 4:7, nor with any of their other ethical duties. As that clearly has not yet sunk in, for the avoidance of doubt, in addition to complying with all prior orders PowX is further ORDERED to produce Mr. Laufer for a deposition **by no later than February 21, 2025**, and must provide **at least three dates of availability to Performance Solutions' counsel by no later than January 31, 2025**. PowX's request that Performance Solutions pay its attorneys' fees for opposing the motion is entirely unfounded and is accordingly DENIED.

SO ORDERED. Dated January 24, 2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE