

Nixon Pea[body]
300 S. Grand Avenue, S[uite]
Los Angeles, CA 9[0071]

Attorn[ey]
nixonpe[abody.com]
@NixonP[eabody]

apuri@nixonpeabody.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/27/2025

February 26, 2025

The Honorable Margaret M. Garnett, U.S.D.J.
United States District Court, S.D.N.Y.
40 Foley Square, Room 2102
New York, NY 10007

Re: *PowX Inc. v. Performance Solutions, LLC*, No. 1:24-cv-01389-MMG

Dear Judge Garnett:

Performance Solutions LLC is writing as a follow up to its letter to the Court on February 11, 2025 (Dkt. No. 77) to bring forth several significant case developments and its proposed next steps.

On January 31 and February 17, PowX Inc. ("PowX") produced certain documents relating to PowX's inventory of the Accused Product, along with certain financial records of PowX and its owner, Israel Laufer. On February 18, Mr. Laufer was deposed. Through this discovery, Performance Solutions learned that PowX and its lawyers at Tarter Krinsky & Drogin concealed and misrepresented critical facts regarding the status of PowX's inventory.

On three separate occasions, PowX and its lawyers represented to this Court (both Magistrate Judge Parker and Judge Garnett) that PowX's inventory was destroyed or returned to China. These representations were knowingly false. Mr. Laufer testified that 31,552 rollers, which were stored at a warehouse in California, were ███████████████████████████████████████████████████████[1]. See Exhibit 1 (Dep. Tr.) at 84:11-89:18. Mr. Laufer further testified that he disclosed ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Mr. Laufer also testified that as recently as December 2024 or January 2025, Mr. Laufer called his ███████████████████████████████████████████████████████

---

[1] In the interest of promptly bringing forth these concerning issues to the Court, Performance Solutions has redacted certain information designated confidential by PowX, along with portions of Mr. Laufer's deposition transcript that by default are highly confidential for 30 days under the protective order. Performance Solutions felt it necessary to bring these issues to the Court's attention promptly rather than delaying until the confidentiality issues are resolved with PowX so that the Court can understand the events that recently transpired and why motion practice is necessary. Prior to Performance Solutions filing any motions, it will put forth its best effort to strive for working together with PowX to resolve any confidentiality issues.

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

▓▓▓). Mr. Rotberg and PowX concealed these facts from the Court and Performance Solutions.

Performance Solutions also learned from the recent discovery that an additional 10,000 rollers, which PowX had shipped to a U.S. port in July 2024, were never returned to China. Instead, this inventory was brought ▓▓▓ Exhibit 2 (POWX3511). Mr. Laufer signed a ▓▓▓

Mr. Laufer further testified that he had ▓▓▓ However, the discovery revealed that a ▓▓▓ Exhibit 1, Tr. at 297:5-9. All the while, PowX and Tarter Krinsky had represented to the Court in November and December 2024 that PowX's entire inventory had already been destroyed or returned.

It is deeply concerning that PowX and its lawyers concealed and misrepresented critical facts regarding the status of PowX's inventory. At the December 19 hearing where two attorneys from Tarter Krinsky, Sandra Hudak and Tuvia Rotberg, and Mr. Laufer, appeared, this Court confirmed PowX's position that PowX's entire inventory was either returned to China (i.e., the 10,000 units brought to the US port in July 2024) or destroyed (i.e., the 31,552 units stored at a warehouse in California and the 5,157 units stored at an Amazon warehouse). Ms. Hudak confirmed that the Court's summary of PowX's position was correct:

> THE COURT: … what I took Ms. Hudak to be saying was an objection to the characterization of that as a spoliation of evidence rather than to the fact that the inventory was returned or destroyed or whatever characterization.
>
> THE COURT: It's a characterization objection.
>
> THE COURT: Not to the fact that, as I understand it, what was discussed at the settlement conference, that certain shipments were refused and other warehouse contents were either destroyed or returned, but I think it's to the characterization of that as intentional spoliation of evidence. Am I correct, Ms. Hudak?
>
> MS. HUDAK: Yes, that's correct.

At the hearing on December 19, when Ms. Hudak confirmed that PowX had destroyed or returned its entire inventory, her co-counsel Tuvia Rotberg and Mr. Laufer remained silent even though they knew at that time that PowX's inventory was ▓▓▓.

N.Y. Debt. & Cred. Law § 273 ("Transfer or obligation voidable as to present or future creditor") deems transfers to be fraudulent to present and future creditors where the assets are



Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

February 26, 2025
Page 3

sold at prices below their fair market value (fraudulent *per se*) or done with intent to defraud a present and future creditor (actual fraud). A transfer made during a pending lawsuit is a factor considered in determining actual intent (§ 273(b)(4)). N.Y. Debt. & Cred. Law §§ 273 and 276 specifies remedies for present and future creditors, including by permitting them to set aside the fraudulent transfers before a judgment is entered. Based on Mr. Laufer's testimony and the documents produced, PowX ███████████████████████████████████████████████

Under NY Judiciary Law § 487, a lawyer cannot deceive a court or a party, or engage in any collusion or consent to any deceit or collusion with intent to deceive a court or a party. At a minimum, Tarter Krinsky withheld highly relevant evidence about the status of PowX's inventory. It appears that Tarter Krinsky likely influenced PowX's ███████ by taking the position with the Court that Performance Solutions is not entitled to PowX's assets. See Dkt. No. 62, at 5 ("seizure of inventory is not relief that can be sought in this action"). Tarter Krinsky had already decided the fate of PowX's inventory and it seems to Performance Solutions that Tarter Krinsky and PowX colluded to prevent Performance Solutions from obtaining any reasonable settlement in this case.

At the December 19 hearing, the Court asked Performance Solutions whether it intends to pursue discovery directly from Tarter Krinsky in the form of documents or depositions based on the Court's finding that Tarter Krinsky is a key source of the spoliation of evidence and sequence of events. 12/19 Hearing Tr., at 12:9-17. The Court was correct in sensing that the representations made by PowX and its attorneys about the alleged destruction of inventory and spoliation was questionable. Because the inventory was not destroyed or returned, Performance Solutions feels it is essential now that Tarter Krinsky be ordered to turn over all communications between it and PowX[2] occurring after the Court issued its Preliminary Injunction Order on June 14, 2025, and to order PowX's attorneys, Mr. Rotberg and Ms. Hudak, to appear for deposition. Performance Solutions will be filing a motion seeking this discovery. Additionally, Performance Solutions will be moving for contempt of the Court's Preliminary Injunction Order and will be amending its Counterclaims to add a claim against Tarter Krinsky, and a claim against PowX for violating N.Y. Debt. & Cred. Law § 273. Performance Solutions will also be adding Mr. Laufer as a counter-defendant because Mr. Laufer ███████████████████████████████████████████████ (among other reasons), causing PowX to become insolvent. Performance Solutions will also be seeking sanctions for PowX's violations of the Court's Order (Dkt. No. 63), including by failing to produce all bank statements and destroying communications with its warehouse. Performance Solutions expects to file these motions within the next 30 days.

---

[2]   Mr. Laufer testified that ███████████████████████████████████████

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

February 26, 2025
Page 4

Respectfully submitted,

*/s/ Ashe Puri*

Ashe Puri
Attorney for Performance Solutions, LLC

Attachments

---

Counsel for the parties are hereby ORDERED to appear for a conference with the Court on **Thursday, March 6, 2025 at 11:30 a.m.** in Courtroom 906 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007. Counsel shall be ready to discuss all issues raised in Performance Solutions' letter at Dkt. Nos. 79 and 80. Should counsel for PowX wish to submit a response to the letter prior to the conference, they shall do so by no later than **March 4, 2025**.

Furthermore, Performance Solutions' motion to seal at Dkt. No. 78 is GRANTED. The Court finds that sealing the portions of the letter and exhibits annexed thereto requested by Performance Solutions is appropriately narrowly tailored to both protect the confidential business interests of the parties as well as provide appropriate public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). The Clerk of Court is respectfully directed to terminate Dkt. No. 78.

SO ORDERED. Dated February 27, 2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE