

**ABRAMS GARFINKEL MARGOLIS BERGSON, LLP**

1430 Broadway, 8th Floor, New York, NY 10018 • P: 212-201-1175 • F: 212-937-3330
www.agmblaw.com

August 14, 2025

**VIA ECF**

The Honorable Margaret M. Garnett, U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square
New York, New York 10007

                Re: *PowX Inc. v. Performance Solutions LLC*; No. 1:24-cv-01389-MMG

Dear Judge Garnett:

      We are the attorneys for Tarter, Krinsky & Drogin LLP ("TKD") in the above-referenced action.

      We write to respectfully request that Your Honor accept for *in camera* review three categories of communications concerning that part of the Court's May 8, 2025 order (the "Order") directing TKD to "produce to Performance Solutions all communications between Israel Laufer, owner of plaintiff PowX, and Tarter Krinsky, PowX's former counsel, relating in any way to PowX's inventory of the enjoined product from the date of the PI order [6/14/24; Dkt. No. 33] until the date that Tarter Krinsky was relieved as counsel in this action [3/4/25; Dkt. No. 87]". *See* Dkt. No. 115; 5/8/25 Hr'ing Tr., 34:17-23.

      The first category of communications concern those that Performance Solutions LLC's ("PS") counsel requested TKD produce for *in camera* review during the course of meet and confer sessions. Specifically, (a) communications stemming from PS's July 9, 2024 settlement letter to TKD and (b) communications stemming from Mr. Laufer's December 24, 2024 email to TKD. We informed PS's counsel that TKD was not in possession, custody or control of any communications "relating in any way to PowX's inventory of the enjoined product" stemming from PS's July 9, 2024 settlement letter. We further informed PS's counsel that TKD was in possession of 10-lines of WhatsApp chat text concerning the subject settlement letter, but, again, none of that text related in any way to PowX's inventory of the enjoined product, and, therefore, was not responsive to the Order. PS's counsel disagreed with our position, arguing that TKD was required to produce these privileged communications even if they did not relate to PowX's inventory of the enjoined product. To resolve the impasse, and to avoid motion practice, TKD agreed to produce the 10-lines of WhatsApp chat to the Court for *in camera* review.

We also informed PS's counsel that TKD was not in possession, custody or control of communications beyond those already produced concerning Mr. Laufer's December 24, 2024 email to TKD "relating in any way to PowX's inventory of the enjoined product." Again, to avoid motion practice, TKD agreed to produce documents for *in camera* review concerning the subject email notwithstanding the fact that they did not relate in any way to PowX's inventory of the enjoined product. These documents consist of six privileged emails between Mr. Laufer and TKD.

The second category of communications that TKD proposes submitting for *in camera* review, at PS's request, are the redacted parts of the WhatsApp chat that TKD produced to PS in compliance with the Order. The proposed unredacted *in camera* production consists of 17-lines of a WhatsApp chat, which includes 6-audio files in Yiddish and corresponding certified English translations of same. We note that one of the 6-audio files is a duplicate of an audio file TKD previously produced to PS's counsel on February 17, 2025 bearing Bates No. POWX3817. The reference to this audio file was inadvertently redacted in our June 6th production. The same audio file, with certified translation, was produced to the Court on June 6th for *in camera* review. See TKD ICR 128 and 129.

Unfortunately, notwithstanding TKD's agreement to produce the foregoing documents for *in camera* review at PS's request, PS nonetheless filed a letter motion to compel production of same.

The final category of documents are those that TKD independently requests the Court to review *in camera* consistent with the mechanism for such review that the Court referenced in the March 8th Order. *See id*. at 36:4-17. While we did not deem these documents to be responsive to the Order at the time of the June 6th production, and still do not believe them to be, after further review, we have considered the possibility that the Court may not agree with our judgment call. Accordingly, in furtherance of TKD's commitment to ensure full compliance with the May 8th Order, we offer this last category of documents for *in camera* review.

Based on the foregoing, we respectfully request that the Court accept the documents referenced above for *in camera* review and that the Court permit delivery of same via email to Chambers containing a password protected link.

Respectfully submitted,

*Robert J. Bergson*
Robert J. Bergson

---

GRANTED. In an effort to resolve this discovery dispute, the Court will accept all of the categories and items referenced in the above letter for *in camera* review. TKD is ORDERED to produce the documents by no later than **August 22, 2025** by emailing a password-protected link to GarnettNYSDChambers@nysd.uscourts.gov.

SO ORDERED. Dated August 15, 2025.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE