UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

POWX INC.,

                    Plaintiff,

-against-

PERFORMANCE SOLUTIONS, LLC,

                    Defendant.

PERFORMANCE SOLUTIONS, LLC,

                      Counter-Plaintiff,

-against-

POWX INC., et al,

                    Counter-Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/2/2025

24-CV-01389 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      On April 29, 2025, Performance Solutions, LLC ("Performance Solutions") moved to compel Counter-Defendants Tarter Krinsky & Drogin LLP ("TKD") and Israel Laufer to produce attorney-client communications and attorney work product pursuant to the crime-fraud doctrine. *See* Dkt. No. 91. On May 8, 2025, the Court held that the crime-fraud doctrine applied to certain of the documents that Performance Solutions sought to compel. *See* Dkt. No. 115 at 28:8–10. Accordingly, the Court ordered TKD to produce all communications between TKD and Mr. Laufer "relating in any way to PowX's inventory of the enjoined product from the date of the [Preliminary Injunction] order until the date that Tarter Krinsky was relieved as counsel in this action." *Id.* at 34:17–23. The Court also ordered TKD to submit for *in camera* review "all attorney work product of Tarter Krinsky, as well as intrafirm communications relating to PowX's inventory of the enjoined product" from the same timeframe. *Id.* at 34:25–35:4.

      Pursuant to the May 8 Order, on June 6, 2025, TKD made an initial production of attorney-client communication documents to Performance Solutions, and of attorney work product documents separately to the Court. The Court reviewed its production and determined that all of the documents contained therein were either non-responsive or, to the extent they were responsive, did not warrant production to Performance Solutions because: (i) the responsive portions had already been produced directly to Performance Solutions or (ii) the document's responsiveness or relevance was so limited that it did not warrant disregarding the attorney-work-product protection. On August 8, 2025, Performance Solutions filed a second motion to

compel, seeking additional documents as well as a privilege log of all work product, intra-firm communications and communications between TKD and Mr. Laufer on or after June 14, 2024. *See* Dkt. No. 165. In response, TKD offered to produce certain requested documents for *in camera* review. *See* Dkt. Nos. 167, 169. On August 15, 2025, the Court ordered TKD to submit the documents for *in camera* review. *See* Dkt. No. 170. TKD made the *in camera* production on August 20, 2025.

Having reviewed the documents, the Court finds that the following attorney-client communications produced *in camera* concern PowX's inventory of the enjoined product and are therefore responsive to the Court's May 8 Order: ICRS 000001, ICRS 000002, ICRS 0000024, ICRS 000025[1], 00000267-AUDIO-2025-01-28-17-41-48[2] and the accompanying translation. Accordingly, TKD is ORDERED to produce those documents to Performance Solutions by **September 5, 2025.** Given the supplemental production, the Court will not require TKD to provide a privilege log at this time.

Dated: September 2, 2025
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

[1] The full title of the document is "Rotberg to Laufer Message.00000049-AUDIO-2024-06-17-09-43-23.ICRS 000025.CONFIDENTIAL."

[2] The recording appears to the Court to be a message originally sent in late July 2024 that was forwarded back to Mr. Laufer by the recipient in January 2025, at Mr. Laufer's request.